UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-19-060-G-2 |
| | ) |
| ITZEL GONZALEZ, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Now before the Court is Defendant Itzel Gonzalez's pro se Motion for Modification of Sentence (Doc. No. 145), seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines ("USSG"). The Government has filed a Response (Doc. No. 151), arguing that Defendant is ineligible to receive a reduction pursuant to the amendment. The Office of the Federal Public Defender has submitted a Notice (Doc. No. 149), stating that Defendant does not qualify for relief under Amendment 821. And finally, the United States Probation Office has submitted a Preliminary Report (Doc. No. 146), also stating that Defendant is ineligible for the relief requested. The matter is now at issue.

I.  *Background*

On March 12, 2020, following Defendant's conviction on one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), the Court held a sentencing hearing. The Presentence Report ("PSR," Doc. No. 113) found that, under the United States Sentencing Guidelines, the offense level for the conduct at

issue was 31, the criminal history category for Defendant was III, and the recommended range of imprisonment was 135 to 168 months. *See id.* ¶ 70. At sentencing, the Court adopted the PSR without change but varied downward, sentencing the defendant to 90 months' imprisonment. *See* Doc. Nos. 131, 132, at 2-3.

## II.     Standard of Review

A federal court generally may not alter a term of imprisonment once it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). An exception to this general rule is set forth in 18 U.S.C. § 3582(c)(2), however, as Congress has authorized the reduction of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

## III.    Discussion

Defendant seeks a sentence reduction pursuant to Part A of Amendment 821 to the USSG. *See* Def.'s Mot. (Doc. No. 145) at 1-3. Amendment 821 took effect on November

2

1, 2023, and applies retroactively. *See* USSG, *Amendment 821*, https://www.ussc.gov/guidelines/amendment/821 (last visited July 5, 2024); USSG § 1B1.10(d).

Part A of Amendment 821 changes the computation of criminal history points that are added if the defendant committed the offense "while under any criminal justice sentence"—commonly referred to as "status points." USSG § 4A1.1(e).

> Specifically, with regard to "status points," under U.S.S.G. § 4A1.1, a "defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

*United States v. Corral-Estrada*, No. 3:14-cr-00088, 2024 WL 1554203, at *2 (D. Nev. Apr. 9, 2024). While this change is retroactive, it is limited in effect. Specifically, a court may not—except in circumstances not present here—grant a § 3582(c) reduction that would result in a sentence lower than the minimum of the amended guideline range. *See* USSG § 1B1.10(b)(2)(A)-(B) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.").

Here, Defendant had three criminal history points prior to the application of any status points, *see* PSR ¶ 37, and so Amendment 821 reduces his status points to zero, resulting in a total criminal history score of three instead of five. *See* USSG §

4A1.1.  Accordingly, pursuant to Amendment 821, Defendant's criminal history category is also reduced from III to II.  *See* USSG ch. 5, pt. A.  A total offense level of 31 and a criminal history category of II results in an amended guideline range of 121 to 151 months' imprisonment.  *See id.*  Defendant's current sentence of 90 months' imprisonment is less than the 121 months that is the minimum of his amended guideline range.  Therefore, the Court may not grant a § 3582(c) sentence reduction.  *See* USSG § 1B1.10(b)(2)(A)-(B); *Dillon*, 560 U.S. at 827.

## CONCLUSION

For the reasons explained above, Defendant Itzel Gonzalez's pro se Motion for Modification of Sentence (Doc. No. 145) is DENIED.

Assistant Federal Public Defender Laura Deskin is hereby authorized to seek withdrawal from this case as contemplated by General Order No. 23-6.

IT IS SO ORDERED this 7th day of November, 2024.

_____
CHARLES B. GOODWIN
United States District Judge